UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES
of AMERICA,

      Plaintiff,

v.

      Case No. 8:26-cr-129-KKM-TGW

ALEXANDER
JUSTIN MCAFEE,

      Defendant.

_____

## ORDER

    Alexander Justin McAfee moves to dismiss his two-count indictment for transmitting in interstate commerce a true threat to injure the person of another in violation of 18 U.S.C. § 875(c). *See* Indictment (Doc. 1); Am. MTD (Doc. 45).[1] He challenges this Court's jurisdiction, the United States' standing

---

[1] McAfee has filed several additional documents, which the United States refers to as "Amended Motion[s]." Resp. (Doc. 54) at 1; *see also* MTD Supp. (Doc. 52); 2d MTD Supp. (Doc. 53); 3d MTD Supp. (Doc. 55). After the United States' response, McAfee also filed an "Affidavit of Fact in Support of the Motion to Dismiss." *See* Affidavit (Doc. 56). These documents properly construed are not distinct motions but supplements to his original amended motion. The documents do not independently request relief or introduce new legal arguments but instead provide additional legal definitions and authority while occasionally restating arguments from the amended motion. Although the supplements were not authorized, I analyze their substance as part of this order.

to prosecute him, and the sufficiency of the evidence. For the reasons below, I deny his amended motion to dismiss.

## I.   BACKGROUND

McAfee is a self-described "Content Creator" who posts on social media to "creat[e] awareness, expos[e] lies," and "giv[e] a voice to the masses" and those "who are in fear to speak out against a rogue government and its agents." Am. MTD ¶¶ 2–3. On April 8, 2026, an FBI taskforce officer received a report about a TikTok video posted by McAfee under the username "@thegreatliberator010101," in which a member of Congress had been "tagged." Am. Notice of Penalties (Am. Notice) (Doc. 25) at 2.

As described by the United States, McAfee made threatening statements in a video while addressing FBI Director Kash Patel. *See id.* ("When McAfee stated that Patel would be dead 'by natural causes,' he made a hand gesture resembling quotations, conveying sarcasm."). As the video continued, McAfee made further threatening statements referencing President Donald Trump, Vice President JD Vance, and Secretary of War Pete Hegseth. *See id.* at 3 ("So, Kash, is your blood going to be spilled, along with Donald Trump's and JD Vance and Pete Hegseth's and every other of these fucking tyrants in our government?"). FBI agents determined that the video had been recorded four blocks from the FBI's Tampa Field Office that McAfee referenced in the video.

*See id.* at 2, 4 ("Come on, I'm [four] blocks away from your fucking field office. Come here to Tampa, bitch.").

On April 9, 2026, McAfee published a second video to his public Facebook and Instagram accounts taken near the FBI Tampa Field Office, tagging Pete Hegseth's account on Instagram. *Id.* at 5; *see id.* at 4 (noting that "[a]ll of McAfee's social media profiles are public"). In the video, McAfee made additional allegedly threatening statements directed at Hegseth. *See id.* at 5 ("Understand that I and the most high control your fate . . . . Your judgment is locked in. Your death is on the table.").

On April 15, 2026, a grand jury indicted McAfee with two counts of transmitting in interstate commerce a true threat to injure the person of another predicated on the above two videos. Indictment at 1; *see* 18 U.S.C. § 875(c). He was arrested on April 16, 2026. Arrest Warrant Return (Doc. 9).

At his initial appearance before a magistrate judge on April 16, 2026, McAfee elected to proceed pro se and made an oral motion to dismiss the indictment. Minute Entry (Doc. 12) at 1. The judge denied the motion without prejudice and McAfee pleaded not guilty to all counts. *Id.* On May 11, 2026, at a status conference, McAfee made a second oral motion to dismiss the indictment arguing that the Court lacked jurisdiction, that there is no evidence that his conduct implicated Congress's power under the Commerce Clause, and that he could not have harmed the United States. Order (Doc. 35); *see also*

3

Status Conference (Doc. 27); 2d Oral MTD (Doc. 28). I denied the motion. *See* Order.

McAfee again moves to dismiss the indictment on similar grounds. *See* Am. MTD. The United States responds. Resp. (Doc. 54). I deny the motion in all respects.

## II.   LEGAL STANDARD

An indictment is "a plain, concise, and definite written statement of the essential facts constituting the offense charged." FED. R. CRIM. P. 7(c)(1). At any time, a defendant may move to dismiss an indictment on the ground that the Court lacks jurisdiction. See FED. R. CRIM. P. 12(b)(2). "Under Federal Rule of Criminal Procedure 12(b) an indictment may be dismissed where there is an infirmity of law in the prosecution; a court may not dismiss an indictment, however, on a determination of facts that should have been developed at trial." *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987).

## III.   ANALYSIS

McAfee broadly raises the same three issues as in his prior motions: (1) that, "absent [] consent[,] the Court is in want of jurisdiction over the natural person, Alexander Justin McAfee," Am. MTD ¶ 14, (2) that because the alleged interstate " 'threat' to individuals in no way has injured or can injure, in any capacity, the [United States]," the government "has not stated a claim [for] which relief can be granted," *id.* at 12, and (3) that the United States has

4

failed to introduce evidence of commercial activity, *id.* McAfee confuses the requirements of criminal prosecution with those of civil litigation and raises evidentiary challenges that are inappropriate for a motion to dismiss. I therefore deny this motion for substantially the same reasons that I denied his prior oral motion. *See* Order.

### A. Jurisdiction

McAfee raises several challenges to this Court's jurisdiction. I summarize his principal objections and explain why my jurisdiction is not in question. First, McAfee confuses the requirements for jurisdiction in criminal and civil cases. *See* Am. MTD ¶¶ 13–17, 38–42. He argues that "[a]ny attempt to establish in[-]person[a]m jurisdiction . . . is a violation of [d]ue process and [e]qual protection" because he has not purposefully availed himself of the forum state and has not consented to this Court's jurisdiction. *See id.* ¶ 42. While a court may rely on a party's contacts or consent to establish personal jurisdiction in a civil case, *see Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021), "[a] federal district court has personal jurisdiction to try any defendant brought before it on a federal indictment charging a violation of federal law," *United States v. Rendon*, 354 F.3d 1320, 1326 (11th Cir. 2003). McAfee is before this Court on an indictment charging him with violations of 18 U.S.C. § 875(c) in this District. Indictment at 1. "Consequently, [this]

[C]ourt's exercise of personal jurisdiction over [McAfee] . . . to try him . . . d[oes] not violate due process." *Rendon,* 354 F.3d at 1326.

Last, McAfee conflates personal and subject matter jurisdiction concepts to argue that he is a sovereign outside the bounds of federal law. *See* Am. MTD ¶¶ 13–16. Contrary to his assertion that 18 U.S.C. § 3231 grants "[personal] jurisdiction [q]uasi-in-rem [but] not in person[a]m," *id.* ¶ 16, Section 3231 grants original subject matter jurisdiction over all federal offenses, *see* § 3231 (granting federal district courts original jurisdiction over "all offenses against the laws of the United States"). McAfee's assertion that he is "a Sovereign [who] cannot be sued without his consent," Am. MTD. ¶ 16, is without merit. *See United States v. Williams*, 29 F.4th 1306, 1308 (11th Cir. 2022) ("[C]ourts have 'repeatedly rejected' sovereign citizens' 'theories of individual sovereignty, immunity from prosecution, and their ilk.'" (quoting *United States v. Benabe*, 654 F.3d 753, 766–67 (7th Cir. 2011)). This Court has jurisdiction over both McAfee and the offenses for which he is charged.

### B. Standing

McAfee acknowledges that "the [alleged] 'offenses' were 'against the laws' of the 'United States,'" Am. MTD ¶ 22, but nevertheless argues that the government cannot prosecute him because "the 'threat' to individuals in no way

has injured . . . the United States," *id.* at 12. He fails to appreciate the injury to a sovereign implicit in any violation of its laws.

A federal criminal prosecution "is brought in the name of the United States as sovereign." *United States v. Nixon*, 418 U.S. 683, 694 (1974). While "federal plaintiffs [in civil litigation] must allege some threatened or actual injury resulting from the putatively illegal action before a federal court may assume jurisdiction," *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 (1973), a violation of federal law is an "injury to [the United States'] sovereignty" that "suffices to support a criminal lawsuit," *Vt. Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 771 (2000). The United States is not, as McAfee suggests, suing him simply as a representative of his alleged victims, *see* Am. MTD ¶ 22 ("[The attorneys] will attempt to claim that they simply represent the alleged victims on behalf of the United States."), but as the sovereign whose laws he is alleged to have violated. The United States is in fact the only party that can bring these charges against McAfee, and his suggestion to the contrary lacks legal support. *Cf. United States v. Texas*, 599 U.S. 670, 679 (2023) (" '[T]he Executive Branch has exclusive authority and absolute

7

discretion to decide whether to prosecute a case." (quoting *Nixon*, 418 U.S. at 693)); *Linda R.S.*, 410 U.S. at 619.

### C. Factual Allegations

McAfee argues that the United States cannot prove the commercial element of the charges because his conduct did not implicate Congress's power under the Commerce clause. *See* Am. MTD at 12. He misunderstands both precedent governing the exercise of Congress's commerce power and the standard applying to the factual allegations of an indictment at the motion-to-dismiss stage.

"An indictment presents the essential elements of the charged offense, notifies the accused of the charges to be defended against, and enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." *United States v. Alexander*, 170 F.4th 1303, 1310–11 (11th Cir. 2026) (citation modified). "[A]n indictment need not 'allege in detail the factual proof that will be relied upon to support the charges.'" *Id.* at 1311 (quoting *United States v. Sharpe*, 438 F.3d 1257, 1263 n.3 (11th Cir. 2006)).

Here, the indictment sufficiently alleged the necessary elements of Section 875(c). *See* Indictment at 1 ("On or about April 8, 2026, in the Middle District of Florida and elsewhere, the defendant, Alexander Justin McAfee, did knowingly transmit in interstate commerce a communication containing a true

threat . . . ."). McAfee asserts that the United States has failed to present sufficient evidence for these allegations. *See* Am. MTD ¶ 23 (claiming the indictment is "based on misrepresentations."); *id.* at 12 ("Nowhere in the Indictment or in the complaint/factual basis does the United States Government assert and give evidence to any activity that is or amounts to commerce."). But the Grand Jury was not required to include such evidence in the indictment, and McAfee will have the opportunity to challenge the sufficiency of the evidence at trial.

McAfee also alludes to an incorrect legal standard for evaluating Congress' power under the commerce clause. *See id.* ¶ 27 ("The mens rea element of commerce is the intention to realize [the] profit or value of a thing."). He seems to argue that he could not have "affect[ed] or participat[ed] in interstate commerce" because he did not "intend [to] nor actually realize any profit or value" from his social media activity. *See id.* at 11. But "the Eleventh Circuit holds that use of an instrumentality to facilitate an offense alone satisfies an 'in interstate commerce' element . . . ." *United States v. Segari*, No. 25-CR-456-KKM-AAS, 2026 WL 653757, at *4 (M.D. Fla. Mar. 9, 2026) (collecting cases). As a result of that precedent, the United States does not need to prove that McAfee had a financial motive or that he profited from his social media activity; instead, the United States may satisfy its burden by establishing that McAfee used instrumentalities of interstate commerce,

9

"includ[ing] things like the [I]nternet and cell phones," to transmit a threat. *Id.* (quoting *United States v. Tovar*, 146 F.4th 1318, 1325 (11th Cir. 2025), *cert. denied*, No. 25-6344, 2026 WL 1377147 (U.S. May 18, 2026)).

## IV.    CONCLUSION

McAfee fails to establish any jurisdictional defect or other grounds for dismissal of the indictment. I deny his amended motion.

Accordingly, the following is **ORDERED**:

1.  Defendant's Amended Motion to Dismiss (Doc. 45) is **DENIED.**

**ORDERED** in Tampa, Florida, on July 2, 2026.

Kathryn Kimball Mizelle
United States District Judge

10