**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES
of AMERICA,

      Plaintiff,

v.                                                Case No. 8:26-cr-129-KKM-TGW

ALEXANDER
JUSTIN MCAFEE,

      Defendant.

_____

## <u>ORDER</u>

At a hearing on July 6, 2026, Defendant Alexander Justin McAfee, who elected to proceed pro se, raised concerns about his access to writing materials and legal resources at Hernando County Jail, where the U.S. Marshals Service is housing McAfee pending trial. *See* Notice of Location (Doc. 23); Detention Order (Doc. 18); Conference Minutes (Doc. 70). McAfee sought a continuance of the trial based on limited access to writing materials by Hernando County Jail. The Court remedied this issue by providing McAfee with four large envelopes and a five-hundred sheet packet of paper, and the U.S. Marshals provided him with a pen. In the light of McAfee's motion to continue, the Court reset the pre-trial motions deadline to July 22, 2026, and moved the trial to the September trial term. *See* Conference Minutes; Order (Doc. 67).

After receiving the envelopes and paper, McAfee then alleged that the Hernando County Jail is limiting his access to legal resources. "[A] criminal defendant who seeks to proceed *pro se* has no [constitutional] right to access a law library to aid him in his own defense at trial where he has already been provided the option of legal counsel." *Smith v. Hutchins*, 426 F. App'x 785, 789 (11th Cir. 2011) (per curiam) (citing *Edwards v. United States*, 795 F.2d 958, 961 nn.1 & 3 (11th Cir. 1986) ("When counsel is offered, the alternative of a library is not mandatory.")); *see also Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000) ("The mere inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment.").

McAfee voluntarily and knowingly waived his right to counsel (and reaffirmed that decision at the hearing on July 6, 2026), *see* Waiver (Doc. 26), and has been provided with stand-by counsel, *see* Order (Doc. 33). McAfee identifies no independent constitutional or statutory right to law library access to prepare his defense. *See United States v. Denton*, 535 F. App'x 832, 835 (11th Cir. 2013) (per curiam) ("[A] *pro se* criminal defendant has no constitutional right of access to a law library or legal materials where counsel has been offered." (citing *Edwards*, 795 F.2d at 961 nn.1 & 3)).

Nevertheless, the Court inquired with the U.S. Marshals to understand the Hernando County Jail's policy for legal resources access and what limitations, if any, have been placed on McAfee. As reported, Hernando County

Jail uses tablets for all legal research; but an inmate in the segregation unit cannot access a tablet unless he is proceeding pro se and specifically requests a tablet. The U.S. Marshals advised that, upon his own request, McAfee was placed in the segregation unit on July 5, 2026, without asking for a tablet. However, McAfee was provided a tablet as of July 7, 2026.

**ORDERED** in Tampa, Florida, on July 10, 2026.

Kathryn Kimball Mizelle
United States District Judge

3