UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 8:26-cr-129-KKM-TGW

ALEXANDER JUSTIN MCAFEE

**UNITED STATES' RESPONSE IN OPPOSITION TO ALEXANDER JUSTIN MCAFEE'S MOTIONS TO DISMISS**

The United States of America, by and through the undersigned Assistant United States Attorney, hereby submits its response in opposition to Alexander Justin McAfee's Motion to Dismiss Indictment 18 U.S.C. § 875(c) (Doc. 73). In his motion, McAfee re-asserts his previously litigated arguments that the Court lacks jurisdiction over this case, that the United States lacks standing in this case, that the indictment is facially insufficient, and that McAfee did not engage in interstate commerce when he published the charged threats on social media. The Court has ruled on these issues already. The Court's ruling should not be disturbed. Because the Court has already conclusively addressed these arguments, the United States provides no additional briefing on those topics.

McAfee raises two[1] new issues that he characterizes as grounds for dismissal: that 18 U.S.C. § 875(c) is unconstitutionally vague because it does not require the

[11] McAfee also references "constitutional violations of due process rights." Because his characterization of the jury instructions for 18 U.S.C. § 875(c) as "fruit of the poisonous tree" is premised on his previously litigated arguments that the indictment is insufficient and that he did not engage in interstate commerce, the United States does not treat this as a new argument.

government to prove the defendant's subjective intent and that McAfee could not have violated 18 U.S.C. § 875(c) because he did not know his threats were being transmitted in interstate commerce. McAfee's motion should be denied. 18 U.S.C. § 875(c) has a mens rea requirement of recklessness. Further, there is no knowledge requirement attached to the jurisdictional hook of interstate transmission.

## PROCEDURAL HISTORY

McAfee was indicted on April 15, 2026 (Doc.1). The indictment charged him with two counts of interstate communication of a threat to injure in violation of 18 U.S.C. § 875(c). McAfee was arrested on April 16, 2026.

At his initial appearance on April 16, 2026, McAfee made an oral motion to dismiss before Judge Amanda Sansone, who denied the motion. Doc. 12. At a status conference on May 11, 2026, McAfee made an oral motion to dismiss challenging the Court's jurisdiction, arguing that his conduct did not implicate Congress' power under the Commerce Clause, and arguing that his conduct could not have harmed the United States. Doc. 27. McAfee's motion was denied. Doc. 35. On June 1, 2026, McAfee filed his Amended Motion to Dismiss. Doc. 45. On June 9, 2026, McAfee hand-filed a supplement to his motion. On June 15, 2026, McAfee filed his Second Amended Motion to Dismiss. Doc 52. On June 18, 2026, McAfee filed his Third Amended Motion to Dismiss. Doc. 53. The United States responded on June 23, 2026. Doc. 54. On July 2, 2026, the Court issued a written order denying McAfee's motion. On July 27, 2026, McAfee filed his Motion to Dismiss Indictment 18 U.S.C. § 875(c), renewing his previously litigated arguments.

## MEMORANDUM OF LAW

### I. 18 U.S.C. § 875(c) is not unconstitutionally vague.

A statute is not unconstitutionally vague if it defines the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited. *Kolender v. Lawson*, 461 U.S. 352 (1983). To obtain a conviction under 18 U.S.C. § 875(c), "the government must prove beyond a reasonable doubt that (1) a communication was transmitted in interstate commerce; (2) the communication contained a threat; and (3) the defendant intended to issue threats or knew they would be perceived as such." *United States v. Franks*, No. 24-11546, 2025 WL 2732412, at *1 (11th Cir. Sept. 25, 2025). As the Supreme Court held in *Colorado v. Counterman*, a showing of recklessness is enough to satisfy the mens rea requirement. *Counterman v. Colorado*, 600 U.S. 66, 73, 143 S. Ct. 2106, 2113, 216 L. Ed. 2d 775 (2023). In his argument, despite quoting the jury instructions, McAfee argues that the indictment should be dismissed because it "fails to allege that the Defendant subjectively intended to convey a threat to injure another." That is not what the law requires. As the Supreme Court held in *Counterman*, "given that a subjective standard here shields speech not independently entitled to protection—and indeed posing real dangers—we do not require that the State prove the defendant had any more specific intent to threaten the victim. *Id.* The indictment in this case appropriately references the correct legal standard. Doc. 1. The question of whether McAfee's actions satisfy that legal standard is a question of fact for the jury.

**II. The government is not required to prove the defendant's knowledge of jurisdictional elements.**

It is broadly accepted that "criminal statutes based on the government's interest in regulating interstate commerce do not generally require that an offender have knowledge of the interstate nexus of his actions." *United States v. Darby*, 37 F.3d 1059, 1067 (4th Cir. 1994), *abrogated on other grounds by Elonis*, 135 S.Ct. 2001, 192 L.Ed.2d 1. As the 4th Circuit held in *Darby*, "the element of interstate commerce is simply "a 'jurisdictional peg' on which to hang the federal prosecution." *Id.* While *Darby* is a 4th Circuit case, it is cited approvingly in support of the same conclusion in *United States v. Smith*, an 11th Circuit case concerning the jurisdictional element in a child pornography case. This concept is applicable across a wide variety of federal crimes where, as in 18 U.S.C. § 875(c), the jurisdictional prong is not an element that "criminalizes otherwise innocent conduct." *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 72, 115 S. Ct. 464, 469, 130 L. Ed. 2d 372 (1994).

For the foregoing reasons, the United States requests that this Court deny McAfee's motions to dismiss the indictment.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: /s/ Muriel Moore
Muriel Moore
Assistant United States Attorney
Florida Bar Number 1011059
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: muriel.moore@usdoj.gov

**U.S. v. Alexander Justin McAfee Case No. 8:26-cr-000129-KKM-TGW**

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. On July 25, 2026, a true and correct copy of the foregoing document and the notice of electronic filing will be sent by United States Mail to the following non-CM/ECF participant(s):

Alexander Justin McAfee
USMS 56155-512
HCSO26JBN002177
Hernando County Jail
16425 Spring Hill Drive,
Brooksville, FL 34604

/s/ Muriel Moore
Muriel Moore
Assistant United States Attorney
Florida Bar Number 1011059
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: muriel.moore@usdoj.gov