**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES
of AMERICA,

v. Case No. 8:26-cr-129-KKM-TGW

ALEXANDER
JUSTIN MCAFEE,

Defendant.

---

**ORDER**

Alexander Justin McAfee again moves to dismiss his two-count indictment for transmitting in interstate commerce a true threat to injure the person of another in violation of 18 U.S.C. § 875(c). *See* Indictment (Doc. 1); 2d MTD (Doc. 73). He "renews his [dismissed] MTD" and "also raises a new [argument]" that the indictment has not alleged the required mens rea. *See* 2d MTD at 4. The government responds in opposition. Resp. (Doc. 76). For the reasons below, I deny his untimely motion to dismiss.[1]

[1] On July 27, 2026, McAfee also filed a "Motion To Take Judicial Notice For Abuse Of Discretion." *See* (Doc. 77). The relief McAfee seeks is a dismissal of "this Indictment and Action with prejudice" and his release. *See id.* at 23. As such, it is yet another untimely motion to dismiss. I decline to consider it and deny the motion as untimely and without merit.

## I. LEGAL STANDARD

An indictment is "a plain, concise, and definite written statement of the essential facts constituting the offense charged." FED. R. CRIM. P. 7(c)(1). At any time, a defendant may move to dismiss an indictment on the ground that the Court lacks jurisdiction. *See* FED. R. CRIM. P. 12(b)(2). "Under Federal Rule of Criminal Procedure 12(b) an indictment may be dismissed where there is an infirmity of law in the prosecution; a court may not dismiss an indictment, however, on a determination of facts that should have been developed at trial." *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987) (citation modified).

## II. ANALYSIS

At the July 6, 2026 pre-trial conference, I provided McAfee with a copy of an earlier order denying his amended motion to dismiss. *See* Minutes (Doc.70); MTD Order (Doc. 64). McAfee then orally moved to reopen the pretrial motions deadline, *see* Minutes, representing that he planned to move to suppress evidence. I permitted an extension for the motion to suppress but did not reopen the deadline for additional motions to dismiss. Instead of filing a motion to suppress, McAfee filed this second motion to dismiss without leave, raising many of the arguments that I denied before, both orally and in writing. *See generally* 2d MTD; Am. MTD (Doc. 45); Oral MTD (Doc. 28). The motion is untimely and is denied on that basis alone.

In the alternative, I deny the motion on the merits. McAfee largely renews his previous claims and adds a new argument that "he did not know or intend his communications [] to be viewed as a threat." 2d MTD at 4. I decline to analyze again his "renewed" arguments that the government lacks standing to prosecute him, that his conduct was outside the scope of the commerce power, and that the indictment did not allege sufficient facts. *See* MTD Order; Oral MTD Order (Doc. 35). They remain without merit—precedent clearly permits the government to prosecute individuals for offenses enacted under its Commerce Clause power, which the Supreme Court has interpreted broadly. McAfee raises two new arguments concerning the mens rea required by Section 875(c). I address each in turn.

McAfee first argues that the "Indictment is insufficient because it fails to allege that [he] subjectively intended to convey a threat to injure another." 2d MTD at 13. He concedes that "the statute lacks a requirement of subjective intent," but insists that the resulting "overbreadth" unconstitutionally infringes upon "a substantial amount of protected speech." *See id.* Although the First Amendment "may still demand a subjective mental-state requirement shielding some true threats from liability," the Supreme Court has held that "a recklessness standard is enough." *Counterman v. Colorado*, 600 U.S. 66, 73, 75 (2023). The indictment alleged that McAfee acted ". . . with *recklessness* as to whether the communication would be viewed as a true

threat." *See* Indictment at 1–2 (emphasis added); *see also Counterman*, 600 U.S. at 79 (explaining that a defendant acts with recklessness in a "threats context" where he is "aware that others could regard his statements as threatening violence and delivers them anyway." (citation modified)). The government is not required to allege or "prove [that McAfee] had any more specific intent [than recklessness] to threaten the victim." *Counterman,* 600 U.S. at 73.

McAfee next argues that he "cannot be held liable for 'knowingly transmit[ting] [a true threat] in interstate commerce' " because individuals who "truly believe[] [the channels and instrumentalities they used] to be non-economic[] cannot be held liable or blameworthy." 2d MTD at 16–17. McAfee misunderstands jurisdictional elements and the government's burden of proof regarding them. "[W]hen Congress has said nothing about the mental state pertaining to a jurisdictional element, the default rule flips: Courts assume that Congress wanted such an element to stand outside the otherwise applicable *mens rea* requirement." *Torres v. Lynch*, 578 U.S. 452, 468 (2016) (noting that courts "routinely h[o]ld that a criminal defendant need not know of a federal crime's interstate commerce connection to be found guilty"). McAfee's personal views on the "non-economic" nature of the internet do not insulate him from liability under Section 875(c) and are irrelevant. Indeed, the jury will need to determine only whether the government has proven the

interstate commerce nexus, not whether McAfee knew or otherwise had any mens rea about his use of interstate commerce instrumentalities or the like.

McAfee intertwines this second mens rea argument with the claim that that Section 875(c) is unconstitutionally vague because the "language 'in commerce' . . . leaves great [latitude] to criminalize a 'broad range of [apparently] innocent conduct.' " 2d MTD at 15. He, in effect, argues that the commerce power is expansive and thus necessarily vague as to what conduct falls within its scope. To the extent his argument amounts to complaining about the broad reach of the commerce power, McAfee correctly notes that precedent leaves little outside of its ambit. *See Gamble v. United States*, 587 U.S. 678, 710 n.1 (2019) (Thomas, J., concurring) (noting the "questionable expansion of the Commerce Clause" and its predicate for much of Title 18). That said, the law is well settled. "[A] defendant whose illegal acts ultimately occur intrastate still acts 'in commerce' if he uses the channels or instrumentalities of interstate commerce," such as "the internet and his cell phone" to "facilitate their commission." *United States v. Tovar*, 146 F.4th 1318, 1325 (11th Cir. 2025) (quoting *United States v. Baston*, 818 F.3d 651, 664 (11th Cir. 2016)), *cert. denied*, 224 L. Ed. 2d 836 (2026). McAfee had ample notice of the law on this point, whether he agrees with it or not, and thus the doctrine of vagueness plays no role.

McAfee's legal arguments are squarely precluded by binding precedent. And insofar as McAfee argues that the United States will be unable to prove the mens rea required by Section 875(c), I cannot dismiss the indictment on "a determination of facts that should [be] developed at trial." *Torkington*, 812 F.2d at 1354.

## III. CONCLUSION

McAfee fails to establish any jurisdictional defect or other grounds for dismissal of the indictment. I deny his untimely second motion to dismiss.

Accordingly, the following is **ORDERED**:

1. Defendant's Second Motion to Dismiss (Doc. 73) and Motion To Take Judicial Notice For Abuse Of Discretion (Doc. 77) are **DENIED.**

**ORDERED** in Tampa, Florida, on August 3, 2026.

Kathryn Kimball Mizelle
United States District Judge